Faulkner *v.* Whitaker.

---

FAULKNER, IMPLEADED BELOW WITH SUTTON, v. WHITAKER.

A warrant is not the proper process against a firm, where it would not lie against the parties individually.

A partnership or firm cannot be arrested, the individuals composing it, may be, but the firm cannot. It is not a corporeal but an ideal individuality.

A partnership or firm cannot be a freeholder, though the individuals composing it, may be freeholders, in virtue of a freehold estate belonging to the firm.

If a man will enter into a contract, with two persons, one of whom he knows cannot be sued by warrant, or capias, he thereby extends the exemption from such process to the other.

One man cannot be bound by the admissions or declarations of another, unless such a relation is previously and by other evidence proved to exist between them, as will enable the one to involve the other in liabilities.

This was a *certiorari* directed to a Justice of the Peace of the county of Hunterdon. The action below was against the plaintiff in *certiorari* and one Sutton, who were partners—the facts and legal points in dispute, will be disclosed in the opinion of the court.

*H. W. Green*, for plaintiff in *certiorari*.

*W. Halsted*, for defendant.

HORNBLOWER, C. J. The suit below was commenced by process of warrant. The Constable arrested Sutton, and returned

Faulkner v. Whitaker.

the warrant with him in custody, and *non est*, as to Faulkner. The defendants were sued as partners, trading under the name and firm of Faulkner & Sutton, and the state of demand, exhibited before the Justice, was an account against them as such. After summons and severance, Faulkner was admitted to prosecute this *certiorari* alone, and by his counsel assigns for error.

1st. That at the time of instituting the suit before the Justice, he was a freeholder of and resident in the county of Hunterdon, and could not therefore be sued by warrant, unless the plaintiff had previously made and filed such affidavit, as is required by law. *Rev. Laws*, 630, *Sections* 8, 9.

The fact of the defendant's being a freeholder is proved by affidavits taken under a rule of this court, and is not denied. But it is contended, that the proceeding was lawful. 1st, because the suit was not against the defendants individually, but as partners; that is, the *partnership* or *firm* was sued; and though the individuals composing the *firm* might be freeholders, yet the *firm* was not a freeholder, and *it*, therefore might be sued by warrant. To this argument, several satisfactory answers may be given. 1st. The argument is founded upon the *assumption* of a fact, necessary to be proved, to wit; that the defendants are *partners*. 2d. A *partnership*, or *firm* cannot be *arrested*. The individuals composing it, may be; but the *firm* cannot. It is not a *corporeal*, but an *ideal* individuality. And 3dly. A *partnership* or *firm* cannot be a *freeholder;* the individuals composing it, may be freeholders, in virtue of a freehold estate belonging to the firm; but the ideal existence, the *partnership*, cannot be a *freeholder*. If *it* could, *it* might not only be arrested, but serve on a jury, and perform many other functions incident to freeholders, which would exhibit rather a novel scene in our judicial and political histories. But again it is insisted, 2dly. That the defendant, Faulkner, though a freeholder, by joining in a contract with one who was not a freeholder, has forfeited his privilege and may be sued by the same process that lies against his co-debtor. That such is the rule in relation to suits in this court, when a

privileged person is sued with one who is not privileged, is certainly true. But in the absence of this settled rule, I do not see, but the argument may be as fairly stated the other way, namely; that if a man will enter into a contract with two persons, one of whom he knows cannot be sued by warrant or *capias,* he thereby extends the exemption from such process to the other. But it is not like the case of privileged persons in this court. Take away the rule which protects them; and they may be sued by *capias;* but repeal the statute creating courts for the trial of small causes, and the defendant whether a freeholder or not, could not be arrested by a warrant like the one issued in this case. The statute creating the court for the trial of small causes, imposes the restriction, and a Justice can issue no process not warranted by that statute. It is insisted however, 3dly. That it is too late now to raise the objection, and this would be true, if the defendant had had an opportunity of doing it before. The statute exemption of a freeholder from arrest upon a warrant, is a personal benefit, and may be waived by the individual; but in this case, the defendant had never been arrested; nor had he any notice of the suit, until after judgment.

2d. The second error assigned by the plaintiff in *certiorari* is, that the Justice received the admissions of Sutton; that a partnership existed between Faulkner and himself, as legal and sufficient evidence of such partnership, and gave judgment accordingly against both. That the Justice did so, is manifest by the record and the affidavit read on the argument in relation to this part of the case. And in doing so, the Justice undoubtedly erred.

That one man cannot be bound by the admissions or declarations of another, unless such a relation is previously, and by other evidence, proved to exist between them, as will enable the one to involve the other in liabilities, is a position, so plain upon reason and principle, as to require no arguments, or authorities to sustain it. If the latter is desired, they may be found collected or referred to, in 2 *Saund. on Pl. and Evid.* 258, *top page,* 709, *marg. and in* 5 *Law Lib. Cary on Partnership,* 136 *and seq. and see Ballinger* v. *Sherron,* 2 *Green's*

*R.* 144, and cases there cited. On both grounds therefore, I am of opinion, the judgment must be reversed.

FORD, J. and RYERSON, J. concurred.

*Judgment reversed.*